# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

|  |  |
|---|---|
| Chambers of<br>**Ellen Lipton Hollander**<br>District Court Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-0742 |

July 13, 2015

MEMORANDUM TO COUNSEL

      Re:    *Evergreen Health Cooperative, Inc. v. Coresource, Inc.*
              Civil Action No. 15-cv-01766

Dear Counsel:

      As you know, on June 16, 2015, plaintiff Evergreen Health Cooperative, Inc. ("Evergreen") filed a Complaint in this Court against defendant Coresource, Inc. ("Coresource"), alleging breach of contract and unjust enrichment, and seeking a declaratory judgment as to the parties' rights under a Master Services Agreement. ECF 1. The case is related to another case with the same parties and similar allegations filed by Coresource against Evergreen on March 19, 2015, in the United States District Court for the Northern District of Illinois. *See* ECF 15 at 1.

      On July 10, 2015, Coresource filed a "Motion for Leave to File Under Seal". ECF 15 ("Motion to Seal"). Specifically, defendant asks the Court to seal another motion, Coresource's "Motion to Stay, Enter Summary Judgment or Dismiss" (ECF 17, "Motion to Stay"), and to seal the seven exhibits appended to the Motion to Stay.[1] In its Motion to Seal, Coresource offers the following representations to justify the sealing, ECF 15 at 2:

> 5. The Motion to Stay makes arguments concerning and discussing confidential terms … as well as confidential settlement terms … .
>
> 6. The Exhibits attached to the Motion to Stay are either confidential pleadings which make arguments concerning and discussing confidential documents, or are the confidential documents themselves.
>
> 7. No alternatives to sealing exist as it would expose highly confidential information to the public.

      The common law presumes the public and press have a qualified right to inspect and copy all judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448

---

[1] The Motion to Stay was filed in error on July 10, 2015, at ECF 14, and refiled on July 13, 2015, at ECF 17, with exhibits at ECF 17-4 through ECF 17-10.

U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). However, the common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

The common law right of access is buttressed by a "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, but is more demanding of public disclosure. *Rushford*, 846 F.2d at 253. If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). "When presented with a sealing request, our right-of-access jurisprudence requires that a district court first 'determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'" *Doe*, 749 F.3d at 266 (4th Cir. 2014) (quoting *Stone*, 855 F.2d at 181). Also of relevance here, Local Rule 105.11 requires a party seeking to seal documents to provide the court with "reasons supported by specific factual representations to justify the sealing" and "an explanation why alternatives to sealing would not provide sufficient protection."

In my view, defendant has not articulated a sufficient basis to retain under seal the Motion to Stay and all of its exhibits. In other words, defendant does not establish a basis to overcome the common law right of public access, nor does it satisfy Local Rule 105.11. Notably, defendant requests that the Motion to Stay and all of its exhibits be sealed in their entirety, without any discussion as to why alternatives to sealing these documents in their entirety — such as filing redacted versions — would fail to provide sufficient protection.

Accordingly, I will deny the Motion to Seal (ECF 15), but without prejudice to the right of defendant to renew the Motion, in compliance with Local Rule 105.11, and with proposed redactions as appropriate, to be filed by July 23, 2015. If the renewed motion requests redactions to certain documents, Coresource shall submit a proposed redacted version of every such document, to be included on the public docket. In the interim, I will direct the Clerk to maintain the Motion and the exhibits under seal, pending further instructions from the Court.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge